IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| ARENA PHARMACEUTICALS, INC., AMIT D. MUNSHI, GARRY A. NEIL, JAYSON DALLAS, OLIVER FETZER, KIERAN T. GALLAHUE, JENNIFER JARRETT, KATHARINE KNOBIL, TINA S. NOVA, NAWAL OUZREN, and STEVE SCHOCH, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On December 12, 2021, Arena Pharmaceuticals, Inc. ("Arena" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Pfizer, Inc. ("Pfizer") and Antioch Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Arena's stockholders will receive $100.00 in cash per share.

3. On January 3, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Arena common stock. Plaintiff is a resident of this District.

9. Defendant Arena is a Delaware corporation. Arena's common stock is traded on the NASDAQ under the ticker symbol "ARNA."

10. Defendant Gary A. Neil is Chairman of the Board of Directors of Arena (the "Board").

11. Defendant Amit D. Munshi is President, Chief Executive Officer, and a member of the Board.

12. Defendant Jayson Dallas is a member of the Board.

13. Defendant Oliver Fetzer is a member of the Board.

14. Defendant Kieran R. Gallahue is a member of the Board.

15. Defendant Jennifer Jarrett is a member of the Board.

16. Defendant Katharine Knobil is a member of the Board.

17. Defendant Tina S. Nova is a member of the Board.

18. Defendant Nawal Ouzren is a member of the Board.

19. Defendant Steve Schoch is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

21. Arena's portfolio includes development-stage therapeutic candidates in gastroenterology, dermatology, and cardiology, including etrasimod, an oral, selective sphingosine 1-phosphate (S1P) receptor modulator currently in development for a range of immuno-inflammatory diseases including gastrointestinal and dermatological diseases.

22. On December 12, 2021, Arena entered into the Merger Agreement.

23. The press release announcing the Proposed Merger provides as follows:

Pfizer Inc. (NYSE: PFE) and Arena Pharmaceuticals, Inc. (Nasdaq: ARNA) today announced that the companies have entered into a definitive agreement under which Pfizer will acquire Arena, a clinical stage company developing innovative potential therapies for the treatment of several immuno-inflammatory diseases. Under the terms of the agreement, Pfizer will acquire all the outstanding shares of Arena for $100 per share in an all-cash transaction for a total equity value of approximately $6.7 billion. The boards of directors of both companies have unanimously approved the transaction.

Arena's portfolio includes diverse and promising development-stage therapeutic candidates in gastroenterology, dermatology, and cardiology, including etrasimod, an oral, selective sphingosine 1-phosphate (S1P) receptor modulator currently in development for a range of immuno-inflammatory diseases including gastrointestinal and dermatological diseases.

"The proposed acquisition of Arena complements our capabilities and expertise in Inflammation and Immunology, a Pfizer innovation engine developing potential therapies for patients with debilitating immuno-inflammatory diseases with a need for more effective treatment options," said Mike Gladstone, Global President & General Manager, Pfizer Inflammation and Immunology. "Utilizing Pfizer's leading research and global development capabilities, we plan to accelerate the clinical development of etrasimod for patients with immuno-inflammatory diseases."

Arena has built a robust development program for etrasimod, including two Phase 3 studies in ulcerative colitis (UC), a Phase 2/3 program in Crohn's Disease, a planned Phase 3 program in atopic dermatitis, and ongoing Phase 2 studies in eosinophilic esophagitis and alopecia areata.

In UC, the randomized, placebo-controlled, dose-ranging, Phase 2 study (OASIS) evaluated the efficacy and safety of etrasimod in moderate to severe UC patients over 12 weeks versus placebo. In the study, most patients who achieved clinical response, clinical remission, or endoscopic improvement at week 12 experienced sustained or improved effects up to week 46 with etrasimod 2 mg in the open-label extension. Etrasimod also demonstrated a favorable benefit/risk profile, consistent with safety findings reported in the double-blind portion of OASIS. The findings are encouraging as there remains significant unmet need for safe and effective oral therapies in UC for patients with inadequate response, loss of response, or intolerance to conventional or advanced therapies. The OASIS trial supported the advancement of the ELEVATE UC 52 and UC 12 trials, which are currently fully enrolled, and for which data are expected in 2022.

In addition, Arena's pipeline includes two development-stage cardiovascular assets, temanogrel and APD418. Temanogrel is currently in Phase 2 for the treatment of microvascular obstruction and Raynaud's phenomenon secondary to systemic sclerosis. APD418 is currently in Phase 2 for acute heart failure.

"We're delighted to announce Pfizer's proposed acquisition of Arena, recognizing Arena's potentially best in class S1P molecule and our contribution to addressing unmet needs in immune-mediated inflammatory diseases," said Amit D. Munshi, President and Chief Executive Officer of Arena. "Pfizer's capabilities will accelerate our mission to deliver our important medicines to patients. We believe this transaction represents the best next step for both patients and shareholders."

Pfizer expects to finance the transaction with existing cash on hand.

Under the terms of the merger agreement, Pfizer will acquire all of the outstanding shares of Arena common stock for $100 per share in cash. The proposed transaction is subject to customary closing conditions, including receipt of regulatory approvals and approval by Arena's stockholders.

Pfizer's financial advisors for the transaction are BofA Securities and Centerview Partners LLC, with Ropes & Gray and Arnold & Porter Kaye Scholer LLP acting as its legal advisors. Guggenheim Securities, LLC and Evercore Group LLC served as Arena's financial advisors, while Cooley LLP served as its legal advisor.

24.     On January 3, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

## Financial Projections

25.     The Proxy fails to disclose material information regarding Arena's financial projections, specifically: the line items underlying the financial projections.

## Financial Analyses

26.     The Proxy fails to disclose material information regarding the financial analyses conducted by Evercore Group LLC ("Evercore") and Guggenheim Securities, LLC ("Guggenheim").

27.     Regarding Evercore's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Evercore; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Evercore; (iii) the net debt utilized by Evercore; and (iv) the number of fully diluted shares outstanding utilized by Evercore.

28.     Regarding Evercore's Equity Research Analyst Price Targets Analysis, the Proxy fails to disclose: (i) the price targets utilized by Evercore; and (ii) the sources of the price targets.

29.     Regarding Evercore's Selected Public Company Trading Analysis, the Proxy fails to disclose the individual multiples and metrics for the companies utilized by Evercore.

30.     Regarding Evercore's Premiums Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Evercore; and (ii) the premiums paid in the transactions.

5

31. Regarding Guggenheim's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Guggenheim; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Guggenheim.

32. Regarding Guggenheim's Arena Wall Street Equity Research Analyst Stock Price Targets Analysis, the Proxy fails to disclose: (i) the price targets utilized by Guggenheim; and (ii) the sources of the price targets.

33. Regarding Guggenheim's Premia Paid in Selected Precedent Merger and Acquisition Transactions Analysis, the Proxy fails to disclose: (i) the transactions utilized by Guggenheim; and (ii) the premiums paid in the transactions.

## COUNT I

**Claim Against the Individual Defendants and Arena for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

34. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

36. Arena is liable as the issuer of these statements.

37. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

38. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

40. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

41. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

42. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

43. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

44. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Arena within the meaning of Section 20(a) of the Exchange Act as alleged herein.

46. Due to their positions as officers and/or directors of Arena and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these

statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

49. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

50. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

51. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

52. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

53. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary

to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: January 14, 2022    **GRABAR LAW OFFICE**

          By: _____
          Joshua H. Grabar (#82525)
          One Liberty Place
          1650 Market Street, Suite 3600
          Philadelphia, PA 19103
          267-507-6085
          jgrabar@grabarlaw.com

          *Counsel for Plaintiff*